**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[ADDITIONAL PLAINTIFFS' COUNSEL ON SIGNATURE LINE]

*Attorneys for Plaintiffs,*
Anthony Reo; and, Bryan Reo

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO – EASTERN DIVISION**

| | |
|---|---|
| ANTHONY REO; AND, BRYAN REO,<br><br>Plaintiffs,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC.,<br><br>Defendant. | **Case No.:** 1:14-cv-01374 DCN<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED**<br><br>**HON. DONALD C. NUGENT** |

///
///
///
///
///
///
///
///

---

**FIRST AMENDED COMPLAINT**  PAGE 1 OF 7

## INTRODUCTION

1. ANTHONY REO; and, BRYAN REO ("Plaintiffs") bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CARIBBEAN CRUISE LINE, INC. ("Defendant") in negligently contacting Plaintiffs on Plaintiffs' landline, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B) ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

8. Because Defendant conducts business within the State of Ohio, personal jurisdiction is established.

9. Venue is proper in the United States District Court, Northern District of Ohio pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Mentor, Lake County, State of Ohio, which is within this judicial district; (ii) the conduct complained of herein occurred within

FIRST AMENDED COMPLAINT — PAGE 3 OF 7

this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiffs are natural persons residing in Ohio and are "persons" as defined by 47 U.S.C. § 277(a)(2)(A).

11. Defendant is a national cruise sales company and is a "person" as defined by 47 U.S.C. § 227(a)(2)(A). Defendant's State of Information and principal place of business are in the State of Florida.

## FACTUAL ALLEGATIONS

1. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Ohio, County of Lake, and within this judicial district.

2. At no time did Plaintiff ever enter into a business relationship with Defendant.

3. Nor did Plaintiff ever contact Defendant at any time or provide Defendant with Plaintiff's residential telephone number.

4. Beginning in May 2013, Defendant contacted Plaintiff on Plaintiff's residential telephone number, in an effort to solicit Plaintiff's business.

5. Defendant placed more than one unsolicited advertisements to Plaintiff's residential telephone in a period of months.

6. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its unsolicited calls to Plaintiff while using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

7. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

8. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

9. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
10. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
11. Plaintiff has never been in an "established business relationship" with Defendant as defined by 47 U.S.C. 227(a)(2), nor has Plaintiff ever sought Defendant's services at any point in the past.
12. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

12. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
13. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
14. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
15. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

18. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

19. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF

### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

20. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 21, 2014                         Respectfully submitted,

                                               **KAZEROUNI LAW GROUP, APC**

                                               By:  /s Matthew M. Loker
                                                    MATTHEW M. LOKER, ESQ.
                                                    ATTORNEY FOR PLAINTIFFS

ADDITIONAL PLAINTIFFS' COUNSEL:

| | |
|---|---|
| **HYDE & SWIGART** | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** |
| Joshua B. Swigart, Esq. (SBN: 225557) | Todd M. Friedman, Esq. (SBN: 216752) |
| josh@westcoastlitigation.com | tfriedman@attorneysforconsumers.com |
| 2221 Camino Del Rio South, Suite 101 | 369 S. Doheny Dr., #415 |
| San Diego, CA 92108 | Beverly Hills, CA 90211 |
| Telephone: (619) 233-7770 | Telephone: (877) 206-4741 |
| Facsimile: (619) 297-1022 | Facsimile: (866) 633-0228 |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626