## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY REO, *et al.*, | ) | CASE NO. 1:14 CV 1374 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| CARIBBEAN CRUISE LINE, INC., | ) | MEMORANDUM OPINION |
| *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motions of Defendants Caribbean Cruise Line, Inc.,

Gulf Coast Processing and Travel, Inc, and The Marketing Source, Inc., to Dismiss the Second

Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #44, 46 and 51, respectively).

For the reasons that follow, Defendants' motions to dismiss are granted.

### BACKGROUND

Plaintiffs Anthony Reo and Bryan Reo filed this action as a class action against

Defendant Caribbean Cruise Line, Inc. ("CCL") on June 24, 2014, alleging receipt of unsolicited

telephone calls from CCL on Plaintiffs' residential and cellular telephone lines using an

automatic telephone dialing system ("ATDS") in violation of the Telephone Communications

Protection Act ("TPCA").  Plaintiffs later amended the complaint by dropping the class

allegations.  Finally, on October 13, 2015, after more than a year of discovery, Plaintiffs filed a

Second Amended Complaint ("SAC") adding Defendants The Marketing Source, Inc. ("TMS")

and Gulf Coast Processing and Travel, Inc. ("Gulf Coast").

The SAC contains the following factual allegations:

14. Plaintiffs allege that at all times relevant herein Defendants conducted business in the State of Ohio, County of Lake, and within this judicial district.

15. At no time did Plaintiffs ever enter into a business relationship with Defendants.

16. Nor did Plaintiffs ever provide Defendants with Plaintiffs' residential telephone number or Plaintiffs' cellular telephone numbers.

17. Beginning in 2010, CCL retained the services of third-party marketers, including TMS; and, Gulf Coast Processing, to solicit Plaintiffs' business.

18. TMS and Gulf Coast Processing placed a significant number of telephonic communications to Plaintiffs' residential landlines and cellular telephone numbers to solicit CCL's services.

19. On information and belief, TMS and Gulf Coast Processing also sent numerous text messages to Plaintiffs' cellular telephones on behalf of CCL.

20. When possible, Plaintiffs informed Defendants that Plaintiffs did not wish to receive further communications and requested that Defendants cease further calls. Said requests were not honored by Defendants.

21. Plaintiffs received a significant number of telephone calls despite Plaintiffs' respective telephone numbers appearing on the National Do Not Call Registry.

22. Defendants used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its unsolicited calls to Plaintiff while using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

2

23. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

25. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(I).

26. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. Plaintiffs have never been in an "established business relationship" with Defendants as defined by 47 U.S.C. 227(a)(2), nor have Plaintiffs ever sought Defendants' services at any point in the past.

28. These text messages and telephonic communications by Defendants, or Defendants' agent(s), to Plaintiffs landlines and cellular telephones violated the TCPA.

(SAC, ¶¶ 14-28) Based upon these "factual allegations," Plaintiffs assert two claims against

Defendants[1] for Negligent Violations of the TCPA (Count 1) and Knowing and/or Willful

Violations of the TCPA (Count2).

CCL and Gulf Coast filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on

October 23, 2015 and November 12, 2015, respectively.  Both Defendants argue that the

"shotgun" style SAC fails to meet the pleading standards necessary to state a claim for relief

---

[1]The SAC refers to the foregoing acts and omissions of "Defendant" in the singular in both Counts.  The Court assumes that Plaintiffs are including all three Defendants.

under the TCPA.  Defendants also assert that all claims based upon conduct occurring prior to

October 13, 2011 is barred by the statue of limitations applicable to TCPA claims. On November

23, 2015, Defendant TMS filed a Motion to Adopt or Join its Co-Defendants' Motions to

Dismiss which was granted on December 16, 2015. Plaintiffs have filed a consolidated brief in

opposition to the motions to dismiss and Defendants have filed a consolidated reply brief in

support. Thereafter, Plaintiffs filed Supplemental Authority in Support of their Opposition.  The

Motions are now fully briefed and ready for decision.

## STANDARD OF REVIEW

In evaluating a motion to dismiss, the court must construe the complaint in the light most

favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in

favor of the plaintiff.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The

complaint need not contain detailed factual allegations, but it must include more than labels,

conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing

*Twombly,* 550 U.S. at 555).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that

"state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to

"raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 570. "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. 678. "A claim is plausible on

its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged.' " *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 369 (6th Cir.2011), *cert. denied,* 132 S.Ct. 1583, (2012) (quoting *Iqbal,* 556 U.S. at 677). Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)*; Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

All of the Defendants assert that the SAC must be dismissed because it fails to make separate statements of claim against each of the three Defendants. Instead the SAC lumps all of the Defendants together and fails to plead "plausible" factual content that would allow the Court to draw any reasonable inference that the Defendants are each liable for the misconduct alleged. Defendants assert that the sparse, conclusory allegations set forth in the SAC, which consist of nothing more than legal conclusions reciting the elements of their claim, are insufficient to state a claim under the TCPA. Defendant CCL also contends that as Plaintiffs do not allege that CCL made any telephone calls or text messages to Plaintiffs, it cannot be directly liable under the TCPA. Rather, Plaintiffs were required to plead plausible facts to support the elements of a theory of vicarious liability against CCL, which they did not do. Finally, all Defendants argue that TCPA claims for all conduct occurring prior to October 13, 2011, four years before the SAC

was filed, are time barred. The Court will address these points in order.

Defendants' argue that Plaintiffs' "shotgun" style complaint lumping the defendants and claims together results in contradictory and confusing allegations, requiring dismissal. Clearly, the SAC could have been drafted with more particularity and specificity. The Causes of Action refer to Defendant in the singular while in the factual allegations, the SAC states that Defendants TMS and Gulf Coast placed a significant number of telephonic calls to Plaintiffs' residential landlines and cellular telephone numbers to solicit CCL's services. Later in that section, the SAC states that "Defendants" used an automatic telephone dialing system "ATDS". The prayer for relief seeks relief from all Defendants. These discrepancies are sloppy and mildly confusing but, standing alone, do not require dismissal.

Similarly, Defendants argue that the SAC contains very few factual allegations and merely parrots the statutory elements of Plaintiffs' TCPA claims, thus failing to meet the pleading standard set forth in *Twombly*. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any [ATDS] or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines an ATDS as equipment that has the capacity to store telephone numbers and dial such numbers. 47 U.S.C. § 227(a)(1). The TCPA also prohibits any person from "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes." 47 U.S.C. § 227(b)(1)(B).

Thus, to state a claim under the TCPA, a complaint must allege facts demonstrating that

6

the plaintiff: 1) received a call; 2) on a cellular line for which the called party is charged for the
call or on a residential telephone line; 3) using ATDS equipment or an artificial or prerecorded
voice; and 4) made without prior consent and not for emergency purposes. Other than the
confusion regarding the "shotgun" style of the SAC, Defendants argue that Plaintiffs have failed
to provide any information about the content of the calls they received or how they knew it
constituted a prerecorded or artificial voice or how they knew an ATDS system was used.
Defendants refer to cases where courts have found that merely alleging that a defendant used an
ATDS system, without the inclusion of additional facts, is insufficient to state a claim for relief.
See *Aikens v. Synchrony Financial*, 2015 WL 5818911, *3 (E.D. Mich. 2015) report and
recommendation adopted, 15 CV 10058, 2015 WL 5818860 (E.D Mich. 2015). ("While the
Court recognizes that an allegation that a party used an ATDS is both an element of the cause of
action and an assertion with some factual content, by itself this assertion does not render
Plaintiff's claims plausible, because alone it does not explain why or how Plaintiff knows that an
ATDS was used.")

    Review of TCPA cases confirms that district courts are split as to the sufficiency of a
plaintiff's pleadings on the ATDS issue. *See Aikens, supra;  Padilla v. Whetstone Partners*, LLC,
2014 WL 3418490 at *2 (S.D. FL 2014) and cases collected there. A few courts, recognizing the
difficulty for a plaintiff to gather evidence regarding the type of ATDS used, find a general
allegation that an ATDS or prerecorded voice was used, sufficient to survive a motion to dismiss.
*Torres v. Nat'l Enter. Sys., Inc.*, 2012 WL 3245520, *3 (N.D. Ill. Aug . 7, 2012).  Many more
courts require a plaintiff, in addition to reciting the statutory language, to include additional
factual allegations indicating the reasons for the plaintiff's belief that an ATDS or prerecorded

voice was used. *See Johansen v. Vivant, Inc.*, 2012 WL 6590551, *3 (N.D. Ill. Dec. 18, 2012) (dismissing complaint when plaintiff failed to enhance the complaint with anything more than the language already available in the statute.) *Baranski v. NCO Fin. Sys., Inc.*, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014)(holding that "Plaintiffs must do more than simply parrot the statutory language" defining ATDS and noting that the "vast majority of courts to have considered the issue have found that "a bare allegation that defendants used an ATDS is not enough")

  This Court is persuaded by the majority of courts who require some additional factual allegations, no matter how minor, in addition to parroting the language of the statute. Here, Plaintiffs merely state that they received a "significant number of phone calls" to "solicit CCL's services. There is no description of the content of the calls (or texts) and no information regarding the frequency of the calls or why they believed that an ATDS was used or why they believed that an "artificial or prerecorded voice" was used such as a period of "dead air" after answering a call or the inability to interrupt a message or to talk to a human being. Because supporting factual allegations were not alleged in the SAC, Plaintiffs have not stated a plausible claim for relief under the TCPA.

  Next, CCL argues that the SAC does not set forth sufficient allegations supporting a theory of liability against it under the TCPA. CCL acknowledges that the FCC and some courts have determined that liability for violations of Sections 227(b) of the TCPA may be based upon a theory of vicarious liability. *See In re Dish Network, LLC, 28 F.C.C. Rcd.* 6574, 6584; 2013 WL 1870108 *11 (May 9, 2014); *Cunningham v. Kondaur Capital*, 2014 WL 8335868 at *5 (M.D.

Tenn. Nov. 19, 2014)[2] Accepting that a theory of vicarious liability is a viable theory of recovery
under the TCPA, the question becomes whether the SAC sets out sufficient allegations to support
a plausible claim under federal common law principles of agency against CCL.

The sum total of the allegations to support vicarious liability are Plaintiffs' allegations
that "beginning in 2010, CCL retained the services of third-party marketers, including TMS; and,
Gulf Coast Processing, to solicit Plaintiffs' business." and "TMS and Gulf Coast Processing
placed a significant number of telephonic communications to Plaintiffs' residential landlines and
cellular telephone numbers to solicit CCL's services." (SAC ¶¶ 17-18)   These allegations are
remarkably similar to the allegations that were found insufficient to adequately plead any agency
relationship in *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp.3d 129, 139 (E.D. N.Y. 2015).
In that case the plaintiff alleged that "CCL contracted with Adsource to make text message calls
to consumers cellular telephone numbers" and "Adsource sent the text message calls on behalf
of, and at the direction of CCL."   The Court found that these allegations, even with the allegation
of a contract between CCL and the marketer, were insufficient to plausibly support a claim of
vicarious liability through agency:

> the existence of a contract between CCL and Adsource—even one that
> imposes certain constraints on Adsource—does not necessarily mean that
> CCL had the power to give "interim instructions" to Adsource, the
> hallmark of an agency relationship. *See* Restatement (Third) of Agency §
> 1.01 cmt. f(1) ("[T]he power to give interim instructions distinguishes
> principals in agency relationships from those who contract to receive
> services provided by persons who are not agents."); *see also id.* cmt. g
> ("Performing a duty created by contract may well benefit the other party

---

[2]Plaintiffs also submit the recent Supreme Court decision in *Campbell-Ewald Co. v.
Gomez*, 136 S.Ct. 663, 2016 WL 228345 (2016) which recognized the FCC's ruling in *Dish
Network* that under federal common law principles of agency, there is vicarious liability for
TCPA violations.

> but the performance is that of an agent only if the elements of agency are
> present."); *see also Johnson v. Priceline.com, Inc.,* 711 F.3d 271, 278 (2d
> Cir.2013) (quoting the Restatement); *Smith,* 30 F.Supp.3d at 776.

*Id.* at 138. (absent from the second amended complaint is any allegations that CCL had the power

to give "interim instructions" to Adsource, or any non-conclusory suggestion of "direction" or

"control" by CCL of Adsource.) *See also, Smith v. State Farm Mutual Automobile Ins. Co.*, 30

F. Supp.3d 765, 776 (N.D. IL 2014)

Even inferring that the phrase "beginning in 2010 CCL retained the services of third-party

marketers, including TMS and Gulf Coast" alleges that CCL had contracts with TMS and Gulf

Coast; like the deficient allegations in *Jackson*, the sparse allegations made here do not allege

any facts that show that CCL had any power to give interim instructions or otherwise had any

control over the performance of Gulf Coast or TMS. As such CCL's motion to dismiss the

claims against it pursuant to Rule 12(b)(6) for failure to adequately plead any agency theory

supporting vicarious liability is granted.

Finally, Defendants argue that any of Plaintiffs' TCPA claims for conduct occurring

prior to October 13, 2011, four years before the SAC was filed, are time barred. Plaintiffs have

not opposed or addressed this argument and thus concede it.

At the close of their opposition brief, Plaintiffs request leave to amend the SAC should

the Court grant Defendants' Motions to Dismiss. Rule 15(a) requires leave to amend to be "freely

given when justice so requires." Fed.R.Civ.P. 15(a). Denial of leave to amend may be appropriate

when there has been "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v.*

10

*Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This action has been pending for almost two years, Plaintiffs have taken more than a year of discovery and have amended their complaint twice. As such they should be in a better position than most plaintiffs to assert claims supported by non-conclusory factual allegations. However, since "the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings," the Court will grant Plaintiffs leave until April 18, 2016, to file a third amended complaint to correct the deficiencies noted by the Court. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)(citation omitted.)

## CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss the SAC pursuant to Fed. R. 12(b)(6) (ECF #44, #46 and #51) are GRANTED. Plaintiffs are given leave to file a third amended complaint in accordance with this Memorandum Opinion and Order by April 18, 2016. No further extensions will be granted. IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: March 18, 2016

11